IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-534-MEF [WO] |
| | ) | |
| EDWARDS PROPERTIES, LTD., | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Section 1332 requires complete diversity; therefore, each defendant must be a citizen of a different state than each plaintiff.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  National banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).  28 U.S.C. § 1348 states that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  *Id.*  In *Wachovia Bank*, the Supreme Court "h[e]ld that a national bank, for § 1348 purposes, is a citizen of the State in which its *main office*, as set forth in its articles of incorporation, is located."  546 U.S. at 307 (emphasis added).

Trustmark alleges that it "is a nationally-chartered banking institution with its principal place of business in Mississippi."  (Am. Ver. Compl. ¶ 1.)  The Supreme Court noted in *Wachovia Bank* that a national bank's main office and its principal place of business

coincide in almost every case.  *Id.* at 317 & n.9; *cf. Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 708 (8th Cir. 2011) (stating that "[b]ecause Wells Fargo's main office is in a state other than that of its principal place of business, we must consider the outlier scenario identified in footnote nine of *Wachovia Bank*" and later "hold[ing] that . . . a national bank is a citizen only of the state in which its main office is located"); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (main office only).  On account of the fact that *Wachovia Bank* identifies the national bank's main office as the relevant location for citizenship purposes, and because recent appellate court decisions interpreting *Wachovia Bank* have held that a national bank's principal place of business is not its location for citizenship purposes, the Court concludes that Trustmark's jurisdictional allegations are presently lacking.

Accordingly, it is ORDERED:

(1)     Defendants' motion to dismiss is DENIED with leave to re-file, if and when appropriate; and,

(2)     Plaintiff shall file a second amended complaint **on or before January 30, 2012**.  Failure to file a second amended complaint within the prescribed time period will result in dismissal of the action without prejudice.

DONE this 19th day of January, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE