IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTMARK NATIONAL BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-534-MEF [WO] |
| ) | |
| EDWARDS PROPERTIES, LTD., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Trustmark National Bank ("Trustmark") commenced this lawsuit on July 5, 2011, and later filed a Second Amended Verified Complaint (Doc. # 36), seeking rescission of a transfer of property pursuant to the Alabama Fraudulent Transfer Act, *Ala. Code* §§ 8-9A-1, *et seq.*, as well as receivership of the property.  Before the court is Defendant Edwards Properties, LTD.'s ("EPL") Motion to Dismiss (Doc. # 37), which is joined by Defendant Lanier J. Edwards ("Edwards") (Doc. # 38).  The motion argues, pursuant to Federal Rule of Civil Procedure 12(b)(1), that this Court lacks subject matter jurisdiction because there is a lack of complete diversity between the parties.  Having considered the arguments of counsel and the relevant law, the Court finds that Defendants' motion is due to be **GRANTED**.

**I. BACKGROUND**

In 2005, Edwards, a citizen of Alabama, allegedly executed a personal guaranty in favor of Trustmark, a nationally-chartered bank with its main office in Mississippi, whereby

Edwards guaranteed payment of a promissory note from Palmetto Bluff, LLC ("Palmetto"), to Trustmark in the principal amount of $4,680,000.00. (Second Am. Compl. ¶ 7.) Edwards is alleged to be a principal of Palmetto, which was the successor developer to a real estate development project in Walton County, Florida. According to the Second Amended Complaint, the project stalled and contributed in part to Edwards having a total debt of approximately $80 million, without commensurate assets to match.

Faced with his enormous debt, Edwards allegedly formed EPL in October of 2007. EPL is an Alabama Limited Partnership with its principal place of business in Eufala, Alabama. Edwards Management, LLC, an Alabama Limited Liability Company, is the general partner of EPL, and its members are Edwards, Sarah Edwards, and Krista Edwards. The limited partners of EPL are also Edwards, Sarah Edwards, and Krista Edwards. As stated above, Edwards is alleged to be a citizen of Alabama, while Sarah Edwards and Krista Edwards are alleged to be citizens of Georgia and Louisiana, respectively.

The alleged fraudulent transfers involve approximately 12,000 acres of timber property in Alabama with an alleged fair market value of $25 million, an office building in Eufala, Alabama, two condominium units in Walton County, Florida, and a rental house in Athens, Georgia. According to the Second Amended Complaint, the conveyance of the timber property, for which Edwards received no consideration, "rendered [Edwards] insolvent because the sum of his debts, after this transaction, was greater than all of his assets at a fair valuation." (Second Am. Compl. ¶ 16, 18.)

## II. STANDARD OF REVIEW

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000) (Albritton, C.J.). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." *Id.* "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quotation omitted). "The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

In this case, Defendants' motion presents a factual attack, arguing that Krista Edwards is in fact a citizen of Mississippi, not Louisiana, for purposes of diversity jurisdiction. If true, then complete diversity would be lacking and the Court would be dispossessed of subject matter jurisdiction.

3

## III. DISCUSSION

Section 1332 requires complete diversity; therefore, each defendant must be a citizen of a different state than each plaintiff. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). National banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). 28 U.S.C. § 1348 states that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." *Id.* In *Wachovia Bank*, the Supreme Court "h[e]ld that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." 546 U.S. at 307; *see also Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011) (main office only); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (main office only). As alleged, Trustmark is therefore a citizen of Mississippi. Accordingly, for complete diversity to exist, no defendant may also be a citizen of Mississippi.

Defendants contend that Krista Edwards is a citizen of Mississippi, which is relevant to the determination of EPL's citizenship. "[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). The Eleventh Circuit has held that the same rule applies to limited liability companies. *See id.* at 1022; *see also Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee University*, 663 F.3d 1304, 1305 (11th Cir. 2011).

EPL is a limited partnership. The general partner is Edwards Management, LLC. Krista Edwards is a limited partner of EPL. She is also a alleged to be a member of Edwards Management, LLC. Accordingly, Krista Edwards's state of citizenship is also EPL's state of citizenship both through her capacity as limited partner of EPL and as member of Edwards Management, LLC (the general partner of EPL). Thus, to the extent that Krista Edwards is a citizen of Mississippi (EPL is also a citizen of Mississippi), then complete diversity is lacking.

Defendants submit two sworn declarations of Krista Edwards (Doc. # 37, at 7-13) in an attempt to factually refute Trustmark's allegation that Krista Edwards is a citizen of Louisiana. The composite of the two declarations (executed in October and December of 2011) reveals that Ms. Edwards moved to Biloxi, Mississippi from Birmingham, Alabama in October of 2009. Since that date, Ms. Edwards has maintained constant employment in Mississippi at the Gulfport/Biloxi Airport Authority. Ms. Edwards pays income taxes solely in Mississippi, has a driver's license issued by Mississippi, and engages in community activities in Mississippi. However, for a period of four months (approximately May 1, 2011, to September 1, 2011), Ms. Edwards "temporarily resided" (in her words) in Louisiana, with her then-boyfriend.[1] (Decl. ¶ 9; Supp'l Decl. ¶ 5.) During those months, Ms. Edwards commuted to her work in Mississippi and "considered [her]self to remain . . . a permanent

---

[1] The Court notes that absent from the record are any affirmative suggestions of plans, of marriage or otherwise, on Krista Edwards's part to reside permanently in Louisiana.

citizen of . . . Mississippi." (Decl. ¶ 9.) Ms. Edwards does acknowledge that she received her mail in Louisiana during her self-described sojourn.

In an attempt to buttress its jurisdictional allegations in the Second Amended Complaint, Trustmark has secured the affidavit of Kevin Scott Campbell, the ex-boyfriend (apparently there is no hope for reconciliation), who stated that in connection with Ms. Edwards's move to Louisiana on May 1, 2011, she terminated her lease in Mississippi and transported all of her belongings to his home in Slidell, Louisiana.[2] (Campbell Aff. (Doc. # 39-1).) Furthermore, in July of 2011, Mr. Campbell and Ms. Edwards embarked on a cruise ship; Ms. Edwards listed Mr. Campbell's address as her "permanent address" in the travel documents.

A legally operative change of domicile requires (1) physical presence at the new location with (2) an intention to remain there indefinitely. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). At issue are Ms. Edwards's intentions when she moved to Slidell, Louisiana. Courts have taken into account the following factors in determining an individual's domicile: current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; community activities; place of employment; driver's license and automobile registration; payment of taxes. *Garcia*

---

[2] Mr. Campbell also states that Ms. Edwards "stayed" at his address eight months prior to moving in on May 1, 2011. (Campbell Aff.) This statement is ambiguous as to whether Ms. Edwards would stay as a weekend visitor or whether she actually lived there for those eight months.

*Perez v. Santabella*, 364 F.3d 348, 351 (1st Cir. 2004) (citing 13B Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3612 (2d ed. 1984)).

Without analyzing in detail each factor, it is apparent some of these factors weigh in favor of a finding that Ms. Edwards remained domiciled in Mississippi while a roughly equal amount of other factors suggest that she did, in fact, change her domicile to Louisiana. As stated above, the burden is on the party asserting federal jurisdiction to deliver factual support by a preponderance of the evidence. *Osting-Schwinn*, 613 F.3d at 1085; *Aderholt*, 293 F.3d at 1257-58. The Court considers the aggregation of all of the factors to have produced a zero sum. In other words, the factors weighing in favor of and against Trusmark's allegations of Ms. Edwards's citizenship have effectively cancelled each other out. Although it is a close call, the Court is unable to conclude that Trustmark has established Ms. Edwards's citizenship in Louisiana in July of 2011 by a preponderance of the evidence, and Defendants' motion to dismiss for lack of subject matter jurisdiction is due to be granted.

## IV.  CONCLUSION

Accordingly, it is ORDERED:

(1)   that Defendants' Motion to Dismiss (Doc. # 37) is GRANTED; and,

(2)   Plaintiff's Second Amended Complaint (Doc. # 36) is DISMISSED without prejudice.

An appropriate final judgment will be entered.

DONE this 29th day of February, 2012.

>                    /s/ Mark E. Fuller
>               UNITED STATES DISTRICT JUDGE